The parties lived in the same condominium building, with the plaintiff's unit above that of the defendant's.[2] On February 10, 2017, the plaintiff applied to the District Court for a harassment prevention order against the defendant pursuant to G. L. c. 258E. At an ex parte hearing held that day, a District Court judge denied the plaintiff's request for an order, but marked the matter up for a hearing after notice. At the scheduled hearing held a week later, the plaintiff attended, but the defendant did not.[3] A second judge heard the plaintiff's testimony and engaged with her on whether a harassment order was a good fit for her particular situation, or whether instead she should hire a lawyer to explore other options. In the end, the judge issued the requested order, announcing: "You seem desperate. I'll issue an order, but I am going to tell you now, you know, you should be talking to a lawyer, okay?" On appeal, the defendant argues that there was insufficient evidence to support the order. We agree.
In her affidavit and testimony, the plaintiff alleged that the defendant was harassing her in a variety of ways. These included: providing false reports about her to the police, a school, and the Department of Children and Families, causing noise through banging on the ceiling, and taking photographs of her and her granddaughter even after she asked her to stop. According to the plaintiff, such actions caused her to be frightened of the defendant, an allegation that the judge appears to have accepted. Nevertheless, fear alone is not enough to make out a claim for a harassment prevention order. Rather, under the applicable provision in the statute, G. L. c. 258E, § 1, the plaintiff must demonstrate that the defendant "wilfully and maliciously committed three separate acts that were intended to cause her fear, intimidation, abuse, or damage to property, and that, 'considered together, did in fact cause fear, intimidation, abuse, or damage to property.' " C.E.R. v. P.C., 91 Mass. App. Ct. 124, 126 (2017), quoting from O'Brien v. Borowski, 461 Mass. 415, 426 & n.8 (2012).[4]
The transcript of the hearing suggests that the judge issued the harassment prevention order because the plaintiff "seem[ed] desperate," not because he had concluded that she had met her burden of proving three acts that qualified as "harassment" under the statute. In any event, in our view, the judge did not have sufficient evidence before him on which to conclude that the plaintiff had made out such a claim. We therefore vacate the harassment prevention order and remand this matter to the District Court for that court to direct law enforcement agencies to destroy all records of the order. See G. L. c. 258E, § 9 ; C.E.R. v. P.C., 91 Mass. App. Ct. at 132 n.17.
So ordered.
Vacated and remanded.

The plaintiff represented at oral argument that the defendant has since moved. Although this development, if true, may significantly affect the situation going forward, it does not render moot the defendant's current appeal seeking to vacate the order, which at this time remains in effect. Compare Quinn v. Gjoni, 89 Mass. App. Ct. 408, 412 (2016) (appeal rendered moot once abuse prevention order has been vacated).

The reason for the defendant's absence is not explained in the record. At oral argument, defense counsel represented that his client was never served. However, the defendant never moved to vacate the order on this ground and, on the current record, we have no way of addressing the notice question. We therefore do not reach this issue.

C.E.R. v. P.C. involved a dispute between a homeowner and two tenants who rented space in her home. 91 Mass. App. Ct. at 124. Alleging that the tenants had committed a variety of misdeeds, id. at 126-128, the homeowner obtained a harassment prevention order against them. We concluded that the evidence was insufficient to make out three qualifying acts of harassment, and that the dispute was more appropriately addressed through a summary process action. Id. at 126-132.